```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION

VAL-COM ACQUISITIONS TRUST,   §
et al.,                       §
                              §
               Plaintiffs,    §
                              § Civil Action No. 3:10-CV-1118-D
VS.                           §
                              §
CITIMORTGAGE, INC.,           §
                              §
               Defendant.     §
```

                    MEMORANDUM OPINION
                       AND ORDER

Defendant CitiMortgage, Inc. ("Citi") moves for summary judgment in this removed action that arises from a residential loan transaction. The principal question presented is whether plaintiffs' claims are time-barred. The court concludes that Citi is entitled to summary judgment and dismisses this case with prejudice for the reasons that follow.[1]

                              I

Just days before a scheduled May 4, 2010 non-judicial foreclosure sale, plaintiffs Val-Com Acquisitions Trust ("Val-Com"), Cheryl Murphy, and Thomas Murphy sued Citi in Texas state court seeking to recover on claims for violations of the Truth-in-

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Lending Act ("TILA") and Regulation Z, and the Real Estate Settlement Procedures Act ("RESPA"), and for fraud in a real estate transaction. Plaintiffs also sought a declaratory judgment on related grounds, an injunction to prevent Citi from foreclosing on the Murphys' residence, and attorney's fees. Plaintiffs' claims relate to the Murphys' financing of the purchase of their residence through Citi's predecessor, ABN Amro Mortgage Group, Inc. ("ABN").[2]

Citi removed the case to this court. On January 14, 2011 Citi filed the instant motion for summary judgment. It maintains that plaintiffs' TILA, Regulation Z, and RESPA claims are time-barred; that Val-Com cannot recover under the TILA, Regulation Z, and RESPA because it is not a consumer or a borrower; that plaintiffs cannot recover for statutory fraud because Tex. Bus. & Com. Code Ann. § 27.01 is inapplicable to a loan transaction, including a loan secured by real property; and that plaintiffs' claims for declaratory and injunctive relief fail in the absence of a violation of the TILA, Regulation Z, and RESPA, and because violations of the TILA and RESPA do not support such relief as a matter of law. Plaintiffs' response to Citi's motion was due no later than February 4, 2011. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). They have not

---

[2]Citi maintains that the Murphys conveyed their interest in their residence to Val-Com without Citi's consent.

responded, and the motion is ripe for disposition.

II

Citi seeks summary judgment based on the statute of limitations. Because limitations is an affirmative defense for which Citi will have the burden of proof at trial, to obtain summary judgment it "must establish 'beyond peradventure all of the essential elements of the . . . defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). Although plaintiffs' failure to respond to Citi's motion does not permit the court to enter a "default" summary judgment, the court is permitted to accept Citi's evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, Fed. R. Civ. P. 56(e) provides that

> [i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . (2) consider the fact undisputed for purposes of the motion; [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Citi has introduced undisputed summary judgment evidence that establishes without doubt that plaintiffs' claims under the TILA, Regulation Z, and RESPA are time-barred. The loan transaction between the Murphys and ABN closed on August 6, 2007. Plaintiffs

did not file suit in Texas state court until April 30, 2010. The TILA and Regulation Z are governed by a one-year limitations period. A claim under the TILA accrues when the loan is closed. *See, e.g., Val-Com Acquisitions Trust v. Chase Home Finance LLC*, 2010 WL 4283906, at *3 (N.D. Tex. Oct. 28, 2010) (Lindsay, J.) ("To be timely under the TILA one-year statute of limitations, they should have filed their lawsuit no later than October 31, 2006, one year after the loans closed.").[3] And, except in circumstances not raised here,[4] claims under RESPA must be brought within one year of the violation. *See, e.g., Val-Com Acquisitions Trust v. Colonial Savings, F.A.*, 2011 WL 1389208, at *2 (N.D. Tex. Apr. 12, 2011) (McBryde, J.) ("Plaintiffs' claims that defendant violated RESPA are subject to a one-year or three-year statute of limitations, depending on which section of RESPA plaintiffs claim defendant violated."). "The limitations period begins to run on the date of the occurrence of the violation, which the Fifth Circuit has interpreted to mean the date of closing." *Id.* (citing *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359, 361 (5th Cir. 2003)). Citi has demonstrated beyond peradventure that the loan closing

---

[3] Plaintiffs have not alleged a claim for rescission, which is not governed by a one-year limitations period.

[4] Plaintiffs have not asserted a claim under 12 U.S.C. § 2605, which Citi concedes is governed by a three-year limitations period.

occurred more than one year before plaintiffs filed this lawsuit.[5]

Citi is entitled to summary judgment dismissing plaintiffs' claim under § 27.01 because it is inapplicable as a matter of law to the loan transaction on which plaintiffs sue. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008) ("A loan transaction, even if secured by land, is not considered to come under the statute." (citing *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App. 2000)).

Plaintiffs' claims for declaratory and injunctive relief are dependent on the validity of their other claims and therefore fail as well.

Accordingly, the court grants Citi's January 14, 2011 motion for summary judgment and dismisses this action with prejudice by judgment filed today.

**SO ORDERED.**

April 21, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[5]Unlike in other cases involving Val-Com, it has not responded to Citi's motion and therefore has failed to present grounds or evidence in support of tolling the limitations periods.